UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WALTER JOHN BONIN, JR., | Civil No. 08-1586 (DSD/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Walter John Bonin, Jr., Federal Medical Center, Rochester, Minnesota, 55903-4000, Petitioner, pro se.

Mary L. Trippler, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of Walter John Bonin, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a response to the petition, (Docket Nos. 11 and 12), contending that the petition should be denied. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this case be dismissed as moot.

**I. BACKGROUND**

Several years ago, a criminal complaint was filed against Petitioner in the United States District Court for the Middle District of Tennessee. He was charged with several federal criminal offenses for allegedly sending threatening e-mails to country music singer George Strait.

In 2004, Petitioner was apprehended and taken into custody in the Western District of Louisiana, pursuant to the federal criminal complaint that had been filed against him in Tennessee. During the next several years, Petitioner underwent several mental examinations, and several court hearings, to determine whether he was mentally competent to stand trial on the charges pending against him in Tennessee. (As far as the Court can tell, Petitioner has never been found competent to stand trial on those charges, and they are, presumably, still pending.)

On May 30, 2007, a Magistrate Judge in the Western District of Louisiana concluded that (a) Petitioner was "not competent to stand trial or assist in his defense," and (b) Petitioner was "suffering from a mental disease or defect, as a result of which his release would create a substantial risk of bodily injury to another person." United States v. Bonin, Misc. No. 07-23 (W.D.La. 2007) (Report and Recommendation of Magistrate Judge C. Michael Hill), 2007 WL 1577750 at * 12. The Magistrate Judge recommended that Petitioner "should be committed to the custody of the Attorney General for continued treatment of his mental illness pursuant to 18 U.S.C. § 4246(d)." Id. That recommendation was adopted by the presiding District Court Judge, (with some minor modifications), on August 23, 2007, and Petitioner was thereby civilly committed pursuant to 18 U.S.C. § 4246(d). United States v. Bonin, Nos. 07-mc-23, 06-mj-6636 (W.D.La. 2007), 2007 WL 2428105. (A copy of the District Judge's order is included in the present record as "Attachment A" to the Declaration of Donald T. Lewis, ["Lewis Decl."]. (Docket No. 12.))

In accordance with Petitioner's civil commitment order, the Attorney General sent him to the Federal Medical Center in Rochester, Minnesota, ("FMC- Rochester"). On November 7, 2007, Petitioner arrived at FMC-Rochester for "continued treatment of his

mental illness pursuant to 18 U.S.C. Section 4246(d)." (Lewis Decl., ¶s 2, 4.) According to Dr. Donald T. Lewis, the Chief of Psychiatry at FMC-Rochester, Petitioner "remains mentally ill and dangerous and in need of hospitalization," and he is currently "refusing treatment." (Id., ¶ 4.) Dr. Lewis has recommended that Petitioner should not be released from custody "at this time." (Id., ¶ 5.)

Petitioner commenced the present action on June 5, 2008, by filing a pro se petition for habeas corpus relief under 28 U.S.C. § 2241. The petition avers that Petitioner is being detained in violation of his rights under federal law and the Constitution. Petitioner has requested a writ of habeas corpus that would cause him to be released from FMC-Rochester. However, in light of important new developments that occurred after Petitioner commenced this action, (discussed below), the Court finds that Petitioner's habeas corpus petition has become moot.

## II. DISCUSSION

After Petitioner's civil commitment order was entered on August 23, 2007, he sought appellate review of that order in the Fifth Circuit Court of Appeals. Petitioner claimed that his civil commitment judgment should be vacated, because the District Court had not followed the procedures prescribed by the applicable federal statute – 18 U.S.C. § 4246(a). In a decision dated August 19, 2008, (approximately two months after the present habeas action was filed), the Court of Appeals agreed with Petitioner's argument, and vacated the judgment that had effected his commitment. United States v. Bonin, 541 F.3d 399 (5th Cir. 2008) (per curiam).

The Court of Appeals found that the District Court had erred by initiating Petitioner's commitment proceedings, sua sponte, rather than upon a certification from the director of

the facility where Petitioner was being confined.  The Court explained that 18 U.S.C. § 4246(a) "establishes the director's certification as a necessary prerequisite to a dangerousness hearing," and that "without the certification, a court ordinarily lacks statutory authority to conduct the [commitment] hearing."  Bonin, 541 F.3d at 401.[1]

The Court of Appeals' opinion in Bonin includes this critical passage:

> "Following appellate oral argument, the parties submitted <u>a joint letter agreeing that</u>, if this court decides to vacate the district court's [commitment] order, the case should be remanded to the district court for the purpose of committing [Petitioner] to the custody of the Attorney General pursuant to § 4247(b) <u>for placement in the facility in which he is presently housed (the Federal Medical Center at Rochester, Minnesota) for the purpose of determining whether a certificate should be issued under § 4246(a)</u>.
>
> Accordingly, the judgment of commitment is VACATED, and the case is REMANDED to the district court for the purpose of temporarily committing [Petitioner] to the custody of the Attorney General in the Federal Medical Center at Rochester, per §§ 4241 and 4247(b), so that the director of the

---

[1] 18 U.S.C. § 4246(a) provides that –

"If the <u>director of a facility</u> in which a person is hospitalized <u>certifies that a person</u> in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, <u>is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another</u>, and that suitable arrangements for State custody and care of the person are not available, <u>he shall transmit the certificate to the clerk of the court for the district in which the person is confined</u>.  The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section."  (Emphasis added.)

> facility can determine whether a certificate should issue, per § 4246(a), and for any other proceedings or actions not inconsistent with this opinion.

Id. at 401 (emphasis added).

Thus, it is clear that, as of now, Petitioner is not being detained at FMC-Rochester pursuant to the civil commitment order entered on August 23, 2007. That order has been vacated by the Fifth Circuit. More importantly, it is clear that Petitioner is currently being detained at FMC-Rochester pursuant to an agreement, memorialized in a "joint letter" to the Fifth Circuit, between Petitioner and the Government. The Fifth Circuit's recent opinion shows that Petitioner has agreed to be committed "to the custody of the Attorney General pursuant to § 4247(b) for placement in the facility in which he is presently housed (the Federal Medical Center at Rochester, Minnesota) for the purpose of determining whether a certificate should be issued under § 4246(a)." Id.

In other words, Petitioner is no longer being detained pursuant to a civil commitment order entered under 18 U.S.C. § 4246(d), but rather, Petitioner is now "temporarily" committed to FMC-Rochester, pursuant to 18 U.S.C. §§ 4241 and 4247(b), "so that the director of the facility can determine whether a certificate should issue, per § 4246(a)." Id.[2] Furthermore, the Fifth Circuit Court of Appeals' recent decision clearly shows that Petitioner is currently being detained pursuant to an agreement that he entered into, on the record,

---

[2] As previously pointed out, the Court of Appeals held in Bonin that the director's certificate described in § 4246(a) is a "necessary prerequisite" for a civil commitment under § 4246(d). The Court of Appeals vacated Petitioner's civil commitment order, because the District Court had "skipped ahead to a § 4246 commitment hearing without certification from a hospital director," as required by § 4246(a). 541 F.3d at 401. To correct that error, Petitioner is now being detained at FMC-Rochester, in accordance with the agreement between Petitioner and the Government that is described in the Court of Appeals' opinion, so that the director of FMC-Rochester "can determine whether a certificate should issue, per § 4246(a)." Id.

in the Court of Appeals. This means that, as of now, Petitioner is currently being detained at FMC-Rochester by his own acquiescence.

Given the new legal authorization for Petitioner's confinement, and Petitioner's present acquiescence to his current confinement, as shown by the Fifth Circuit's recent decision, this Court now finds that Petitioner's pending habeas corpus petition has become moot. Petitioner's application for a writ of habeas corpus has been superseded, and obviated, by the agreement described in the closing paragraphs of the Fifth Circuit's opinion. That opinion shows that Petitioner has agreed to be confined at FMC-Rochester, pending the outcome of further proceedings in the Western District of Louisiana. Therefore, the Court will recommend that Petitioner's present habeas corpus petition be denied as moot, and that this action be dismissed accordingly.

Finally, the Court notes that Petitioner filed three collateral motions in this case <u>before</u> the Fifth Circuit decided his appeal. (Docket Nos. 3, 5 and 7.) Having determined that this case has become moot, by reason of the manner in which Petitioner's appeal was resolved, the Court will recommend that Petitioner's three collateral motions be summarily denied.[3]

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

---

[3] The Court notes that, in any event, all three of Petitioner's pending motions are plainly unsustainable. In the first motion, (Docket No. 3), Petitioner seeks to have his civil commitment vacated pursuant to the federal RICO statute; in the second motion, (Docket No. 5), he seeks an order that would allow him to conduct wiretaps and other electronic surveillance; and in the third motion, (Docket No. 7), he seeks an "Order for Forfeiture," which would authorize him to seize property from 132 individuals who are named on a list of "associates" attached to the motion. All of these motions are specious, (and appear to support the Government's contention that Petitioner is mentally ill).

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED AS MOOT**;

2. Petitioner's "Motion Pursuant To RICO Conspiracy," (Docket No. 3), be **DENIED**;

3. Petitioner's "Motion To The Interception Of Wiretap And Electronic Surveillance," (Docket No. 5), be **DENIED**;

4. Petitioner's "Motion For RICO Conspiracy," (Docket No. 7), be **DENIED**; and

5. This action be **DISMISSED**.

Dated: November 3, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 18, 2008,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.